# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06CV399

| | |
|---|---|
| DORIS N. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DUKE ENERGY CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion to Compel" (Document No. 11) and "Brief in Support of Defendant's Motion to Compel" (Document No. 12), filed February 13, 2007, as well as the "Supplement to Defendant's Motion to Compel" (Document No. 14), filed March 12, 2007. The pro se Plaintiff has not filed a response and the time for filing a responsive brief has expired. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for determination.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant in part and deny in part "Defendant's Motion to Compel."

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action involving allegations by Doris Anderson ("Plaintiff") that her employer Duke Energy Corporation ("Defendant") discriminated against her on the basis of race, in violation of N.C.G.S. § 143-422.2, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

Relevant to the pending motion, on November 17, 2006, Defendant served its First Set of

Interrogatories and First Request for Production of Documents. The original deadline for response to Defendant's requests was December 20, 2006. Defendant allowed Plaintiff an informal extension of time to respond to January 19, 2007. Plaintiff provided what Defendant characterizes as incomplete responses on January 20, 2007.

Defendant filed its Motion to Compel with a supporting brief on February 13, 2007. On February 23, 2007, Plaintiff mailed Defendant supplemental discovery responses which Defendant contends in its "Supplement to Defendant's Motion to Compel" addressed some (but not all) of the deficiencies raised in the Motion to Compel.

Defendant now seeks an order from the Court directing Plaintiff to provide complete discovery responses and requests reasonable expenses, including attorneys' fees, incurred in bringing its Motion to Compel.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons have knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in this action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26©.

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

In the instant case, Defendant alleges that the pro se Plaintiff's responses to discovery requests have been incomplete. For purposes of examining Defendant's allegations, the undersigned will rely on the "Supplement to Defendant's Motion to Compel" (Document No. 14) as the most current description of the alleged deficiencies.

First, Defendant contends that Plaintiff's supplemental interrogatory answers were not verified as required by Fed.R.Civ.P. 33(b)(1). Based on the Defendant's attachments to the supplement, this allegation appears accurate. To the extent Plaintiff's previous responses have not been verified, they must come into compliance with Fed.R.Civ.P. 33(b)(1).

Next, regarding Interrogatory No. 4, Defendant complains that Plaintiff did not "specifically identify the documents relating to each damage claimed." Although Plaintiff mostly identified whom she believes is in possession of relevant documents, she did not identify what documents relate to the damages claimed. To the extent possible, Plaintiff must identify the specific documents "which may evidence, substantiate, or relate to each damage claimed" as well as who has custody of those documents.

Defendant also claims that Plaintiff's disclosure of information regarding her health care treatment since January 1, 1996 is far from complete. Although Plaintiff has provided some of the

requested information, the undersigned agrees that Plaintiff's responses so far are incomplete and that in light of Plaintiff's alleged damages for emotional distress full compliance is required. The Court notes that this information may be subject to the restrictions provided in the parties' "Consent Protective Order" (Document No. 10).

Next, Defendant alleges that Plaintiff's responses to Interrogatory No. 15 regarding other lawsuits and a request for related non-privileged documents have been incomplete. Accepting in good faith that the lawsuits Plaintiff has identified are the only ones to which she has been a party, it appears to the undersigned that Plaintiff has sufficiently complied with Plaintiff's request for information. As to its request for related documents in her possession, Plaintiff responded that she did not have documents related to those other lawsuits. At this time, the Plaintiff is not required to take further action in responding to Interrogatory No. 15 or requests for related documents.

In Interrogatory No. 16, Defendant seeks information regarding computer devices Plaintiff has used since leaving its employment. Plaintiff's response provided less information than Defendant requested and Plaintiff must provide the specific details requested regarding her personal computer.

Finally, Defendant's "Supplement..." includes other statements which fail to identify information that it seeks to have compelled. Until Defendant presents a more timely and specific request for action, the Court will decline to address those subject areas. See Document No. 14 (b), (g) and (h).

The undersigned does not find that expenses or attorney's fees are appropriate at this time; however, future dilatory conduct by either party may result in sanctions that may include a requirement to pay costs, including reasonable attorney's fees, and may even include the dismissal

of the lawsuit. Federal Rule of Civil Procedure 37(b)(2) states:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In addition, Federal Rule of Civil Procedure 41(b) allows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant ... a dismissal under this subdivision ... operates as an adjudication on the merits.

It is the undersigned's view that although some of Plaintiff's responses may have been incomplete, as noted above, generally, the Plaintiff seems to be making a good faith effort to cooperate in the discovery process. The parties are reminded to make every effort to resolve their differences prior to seeking a ruling from the Court.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion to Compel" (Document No. 11) is **GRANTED IN PART AND DENIED IN PART** as described more fully above.

**IT IS FURTHER ORDERED** that where Plaintiff's discovery responses have been identified as deficient by the Court, Plaintiff must provide complete responses, consistent with the requirements of the Federal Rules of Civil Procedure, on or before **April 20, 2007**.

Signed: April 3, 2007

_____
David C. Keesler
United States Magistrate Judge