**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:06cv399**

| | | |
|---|---|---|
| **DORIS N. ANDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **DUKE ENERGY CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Request for
Indigence" and the Defendant's opposition thereto.

The Plaintiff has appeared in this action in a *pro se* capacity and at
no point prior to this time has alleged the inability to proceed without the
prepayment of fees. On December 20, 2006, Magistrate Judge Keesler
filed a pre-trial order and case management plan directing the parties to
mediation on or before September 14, 2007. On June 6, 2007, counsel for
the Defendant wrote to the Plaintiff and explained that mediation would
result in fees from the mediator which were required to be shared equally
by the parties. The Defendant reports that mediation occurred and at no

time prior to or during the mediation did the Plaintiff voice her inability to

pay for her one-half of the mediator's fee.  In fact, immediately prior to

mediation, the mediator explained his fees and the payment structure.

The Plaintiff did not object at that time, even though she appeared at the

mediation with counsel.[1]  The mediator then sent his bill to the parties and

the Plaintiff now seeks indigency status, but only as to this bill.

Local Rule 16.3(B)(1) specifically states that any mediation ordered

by this Court "shall be governed by and a mediator selected in accordance

with the *Rules Governing Mediated Settlement Conferences in Superior*

---

[1]The Court does express concern that the Plaintiff appeared at court-ordered mediation with counsel but professes to be *pro se* in this action. The mediation was ordered by this Court and constitutes a proceeding in this matter.  Counsel's appearance at that proceeding without making a general appearance in this action is suspect.  Furthermore, if counsel is preparing the documents being filed by the Plaintiff in this action, the undersigned would take a dim view of that practice.  The practice of "ghostwriting" by an attorney for a party who otherwise professes to be *pro se* is disfavored and considered by many courts to be unethical.  See*, e.g.,* Duran v. Carris, 238 F.3d 1268, 1271 (10th Cir. 2001) (Attorneys who "author pleadings and necessarily guide the course of the litigation with an unseen hand" provide the *pro se* litigant with an advantage not intended by the courts.  "The failure of an attorney to acknowledge the giving of advice by signing his name constitutes a misrepresentation to this Court by both the litigant and attorney.").  "The duty of candor toward the court mandated by Model Rule 3.3 is particularly significant to ghostwritten pleadings." *Id*. It is "improper for lawyers to draft or assist in drafting complaints or other documents submitted to the Court on behalf of litigants designated as *pro se*." Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr., 968 F.Supp. 1075, 1077 (E.D.Va. 1997).

*Court Civil Actions* promulgated by the North Carolina Supreme Court

pursuant to N.C. G. S. §7A-38." Rule 7.D. of those rules specifically states

that any motion for a finding of indigence for the purposes of the mediator's

fee shall be heard after the completion of the mediation, or if the parties fail

to settle the case at the time of the mediation, after the trial of the matter.

For this reason, it would be premature for the Court to rule upon the

Plaintiff's Motion at this time. The Court notes, however, that it does not

look favorably upon the Plaintiff having gone through the entire mediation

process without informing opposing counsel and particularly the mediator

of the Plaintiff's intent to seek indigent status for the purposes of the

payment of the mediator's fee.

Although courts are directed to construe a *pro se* litigant's pleadings

liberally, "[t]his liberal treatment is not without limits, and 'this court has

repeatedly insisted that *pro se* parties follow the same rules of procedure

that govern other litigants." Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir.

2007), quoting Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836,

840 (10th Cir. 2005) ([T]he court cannot take on the responsibility of serving

as the litigant's attorney in constructing arguments and searching the

record."); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002). As such,

when the time is ripe for the Motion to be addressed by the Court, it will be

addressed in the same manner as it would be if the Plaintiff were represented by counsel.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion is **DEFERRED** at this time, to be heard after the trial, settlement or other disposition of this case.

Signed: December 4, 2007

Martin Reidinger
United States District Judge