IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:06cv399

DORIS N. ANDERSON,         )
                           )
         Plaintiff,        )
                           )
     vs.                   )           **O R D E R**
                           )
DUKE ENERGY CORPORATION,)
                           )
         Defendant.        )
_____)

**THIS MATTER** is before the Court on remand from the United States Fourth Circuit Court of Appeals [Doc. 61].

## PROCEDURAL HISTORY

On October 14, 2008, this Court granted the Defendant's motion for summary judgment and dismissed with prejudice all claims asserted by the Plaintiff against the Defendant. [Doc. 42]. The Plaintiff timely filed a notice of appeal from that dismissal. [Doc. 43].

On November 14, 2008, the Defendant filed its Bill of Costs seeking the imposition of costs in the amount of $2,336.33 against the Plaintiff.

[Doc. 46]. The Plaintiff did not file any objections to the Bill of Costs. On December 17, 2008, the Clerk of Court entered the Taxation of Costs awarding the sum of $2,336.33 in costs against the Plaintiff. [Doc. 51]. The Clerk's Taxation of Costs contained a notice that either party could move for review of the taxation of costs within five days.[1] [Id., at 3]. On December 23, 2008, the Plaintiff filed a document which she titled "Appealing Taxation of Costs." [Doc. 55]. She filed an identical document the next day. [Doc. 54]. The Plaintiff, who proceeded in a *pro se* capacity, did not title the filings as a motion for review. The documents were docketed as an appeal to the United States Fourth Circuit Court of Appeals and transmitted to that Court for consideration with the underlying appeal of the merits of the case. [Doc. 57].

On July 2, 2009, the Fourth Circuit affirmed the grant of summary judgment and the dismissal of the Plaintiff's case "for the reasons stated by the district court." [Doc. 59]. The Circuit did not address the Plaintiff's appeal of the taxation of costs. On June 15, 2010, the Circuit construed the Plaintiff's *pro se* pleadings as a motion for review pursuant to Rule 54(d)(1) and remanded the motion to this Court for consideration. [Doc. 61].

---

[1] That time was amended in 2009 to seven days. Fed.R.Civ.P. 54(d)(1).

**DISCUSSION**

Federal Rule of Civil Procedure 54 creates a presumption in favor of awarding costs to the prevailing party, subject to the district court's discretion. Fed.R.Civ.P. 54(d)(1) ("[C]osts–other than attorney's fees–should be allowed to the prevailing party."); Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000); Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999) (subject to discretion of the district court); Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994), *certiorari denied* 513 U.S. 1153, 115 S.Ct. 1107, 130 L.Ed.2d 1073 (1995) ("Indeed, the rule gives rise to a presumption in favor of an award of costs to the prevailing party."). "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 463 (3rd Cir. 2000); Teague, 35 F.3d at 996-97.

As noted *infra*, the Plaintiff did not object to the bill of costs submitted by the Defendant. In addition, she has provided no reason why the Clerk of Court's taxation of costs was erroneous. Rodriguez v. Smithfield Packing Co., Inc., 338 F.3d 348, 354 n.4 (4th Cir. 2003) ("Plaintiffs have suggested no reason to depart from" the presumption favoring an award.). The Court has reviewed *de novo* the bill of costs and finds each item

comports with 28 U.S.C. §1920. In re Paoli R.R. Yard PCB Litig., 221 F.3d at 461. The Court has also reviewed the Clerk's taxation of costs and finds it consistent with the bill of costs.[2] The Clerk examined each itemized request and cited the relevant law and/or local rule supporting an award of costs. Foxx v. Town of Fletcher, 2009 WL 971680 (W.D.N.C. 2009). Having conducted a *de novo* review, the Court finds the award of costs is reasonable and appropriate. An Amended Judgment containing that award is entered simultaneously herewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's appeal of the Clerk's Taxation of Costs [Doc. 54; Doc. 55], construed as a motion for review thereof, is hereby **DENIED** and the Clerk's Taxation of Costs is affirmed.

Signed: June 17, 2010

Martin Reidinger
United States District Judge

---

[2]The Clerk's Taxation of Costs contains a typographical error in paragraph three thereof. The Defendant sought the sum of $202.03 for printing fees. [Doc. 51, at 3]. The Clerk noted that sum but awarded the sum of $136.50. [Id.]. Since the Clerk awarded the total costs sought of $2,336.33, it is obvious this was an error.